IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 3 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PATRICIA MORALES CRUZ, Individually and As Next Friend of MARIANA ELIZABETH SUAREZ MORALES and LUIS FERNANDO SUAREZ MORALES | § § § § § |
| And | § § |
| VICTORIA CRUZ JIMENEZ | § § |
| And | § § |
| GLADYS MORALES CRUZ | § § |
| Vs. | § § |
| FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., BRIDGESTONE AMERICAS HOLDING, INC., and FORD MOTOR COMPANY | § § § § § |

CIVIL ACTION NO.: **B-04-053**
JURY

## DEFENDANTS, FORD MOTOR COMPANY, BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., Individually and as Successor to BRIDGESTONE/FIRESTONE, INC., and BRIDGESTONE AMERICAS HOLDING, INC.'S, JOINT NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW Defendants, Ford Motor Company ("Ford"), Bridgestone/Firestone North American Tire, L.L.C., Individually and as Successor to Bridgestone/Firestone, Inc., and Bridgestone Americas Holding, Inc., and hereby petition this Court, under Title 28 U.S.C., § 1441(a) and (e), for removal of a products liability action filed in the 107TH Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division.

All properly named defendants have joined in the removal of this case; therefore, the requisite consents for removal have been obtained. No further consents are necessary at this time.

In support of this removal, defendants would show this Honorable Court as follows:

### Preliminary Matters

1.    Petitioner is named as a defendant in *Patricia Morales Cruz, Individually and as Next Friend of Mariana Elizabeth Suarez Morales and Luis Fernando Suarez Morales, and Victoria Cruz Jimenez and Gladys Morales Cruz vs. Firestone, Inc., Bridgestone/Firestone North American Tire, L.L.C., Bridgestone Americas Holding, Inc., and Ford Motor Company* - Cause No. 2004-02-831-A, in the 107th Judicial District Court of Cameron County, Texas. This action was commenced on February 9, 2004.

2.    A copy of the 107th Judicial District Clerk's file for this case is attached hereto as Exhibit "A". This includes true and correct copies of all executed process, pleadings, orders, and a certified copy of the docket sheet. Defendants Bridgestone/Firestone North American Tire, L.L.C., Individually and as Successor to Bridgestone/Firestone, Inc., and Bridgestone Americas Holding, Inc.'s, Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss on Grounds of *Forum Non Conveniens* and Original Answer and Jury Demand on March 12, 2004. A true and correct copy of this document is attached hereto as Exhibit "B". Ford Motor Company filed its Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* Special Exceptions, Original Answer to Plaintiffs' Original Petition and Reliance Upon Jury Demand in state court on March 16, 2004. A true and correct copy of this document is attached hereto as Exhibit "C". An index of all matters being filed is attached hereto as Exhibit "D". A list of all counsel of record is attached hereto as Exhibit "E".

Additional papers may have been filed in state court prior to removal. The removing party will supplement the record if necessary.

### Nature of the Case

3.    As alleged in plaintiffs' petition, this case involves claims arising from a single-vehicle automobile accident that occurred in Mexico on September 2, 2002. Plaintiffs aver that they were occupants of a 1999 Ford Explorer, when one of the tires suddenly, unexpectedly and completely failed, resulting in the driver losing control of the vehicle. Patricia Morales Cruz, Mariana Elizabeth Suarez Morales, Luis Fernando Suarez Morales, Victoria Cruz Jimenez, and Gladys Morales Cruz are alleged to have sustained varying degrees of personal injuries and property loss.

4.    Plaintiffs maintain that the accident was caused by unspecified design, manufacturing, and/or marketing defects in the vehicle. Plaintiffs' claims sound in strict products liability, negligence, and violations of the Texas Deceptive Trade Practices Act ("DTPA") against Ford.

### Grounds for Removal

5.    The above-captioned matter is one in which this Court has original jurisdiction under Title 28, U.S.C. §§1332(a)(2) and 1441(a).

**A.    Diversity of Citizenship**

6.    Plaintiffs' Original Petition states that plaintiffs are citizens of the Republic of Mexico.

7.    Defendant Ford is now a Delaware Corporation, with its principal place of business in Dearborn, Michigan, and was a Delaware Corporation, with its principal place of business in Dearborn, Michigan, at the time Plaintiffs' Original Petition was filed.

8.      Defendant Firestone, Inc. is misnamed. *See* Exhibit "B".

9.      Defendant Bridgestone/Firestone North American Tire, L.L.C., is now an Ohio Corporation, with a principal place of business in Nashville, Tennessee, and was an Ohio Corporation, with its principal place of business in Nashville, Tennessee, at the time Plaintiffs' Original Petition was filed.

10.     Defendant Bridgestone Americas Holding, Inc., is now a Nevada Corporation, with a principal place of business in Nashville, Tennessee, and was a Nevada Corporation, with a principal place of business in Nashville, Tennessee, at the time Plaintiffs' Original Petition was filed.

### B.     Amount in Controversy

11.     While plaintiffs do not enumerate a specific amount of damages in their petition they seek damages for the following: (1) past and future physical pain and suffering; (2) past and future mental anguish and emotional distress; (3) past and future lost earnings and earning capacity; (4) disfigurement; (5) physical impairment; and (6) related medical expenses. Plaintiffs are also making a claim for exemplary damages.  Based on the alleged gravity of the injuries, and the numerous categories of damages pleaded by the plaintiffs, it is clear that the amount in controversy in this lawsuit exceeds the statutory minimum of seventy-five thousand dollars ($75,000.00).

12.     This Notice of Removal is timely filed in accordance with the law of the United States, 28 U.S.C. § 1446(b), because it is filed within 30 days after the receipt by defendant of a copy of the initial pleading setting forth a claim for relief upon which this action is based.  Thus, this Notice of Removal is timely, and all conditions and procedures for removal have been satisfied.  A filing fee of $150.00 is tendered herewith.

13.     On filing of this Notice of Removal, defendant will provide written notice to plaintiffs through plaintiffs' counsel, as is required by law.

14.     A copy of this written notice will be filed with the Clerk of the Court for the 107th Judicial District of Cameron County, Texas, where this cause was originally filed.   The 107th Judicial District of Cameron County, Texas, is located in the Southern District of Texas, Brownsville Division.

WHEREFORE, PREMISES CONSIDERED, petitioner prays that this Court take jurisdiction of this cause and stay all further proceedings in state court.

Respectfully submitted,


By _Evan N. Kramer w/permission_
   Evan N. Kramer      _Danielle Harsany_
   Attorney in Charge
   Texas Bar No.: 11704650

OF COUNSEL:
Danielle M. Harsany
Texas Bar No.: 24005131
BROWN McCARROLL, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
(713) 529-3110; Fax: (713) 525-6295


ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

By _Knox Nunnally_ w/ permission Danielle Harsany
Knox D. Nunnally
Attorney in Charge
Texas Bar No.: 15141000

OF COUNSEL:
Don C. Griffin, Jr.
Texas Bar No.: 08486975
VINSON & ELKINS, L.L.P.
1001 Fannin
2300 First City Tower
Houston, Texas 77002
(713) 758-2416; FAX: (713) 615-5220

ATTORNEYS FOR DEFENDANTS
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.L.C., Individually and as
Successor in Interest to
BRIDGESTONE/FIRESTONE, INC., and
BRIDGESTONE AMERICAS HOLDING, INC.

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant Ford Motor Company's Notice of Removal has been forwarded by U.S. Certified Mail, Return Receipt Requested, to all known counsel of record as shown below on this _22nd_ day of _March_, 2004.

_Danielle M. Harsany_

Juan A. Gonzalez
LAW OFFICE OF MARK A. CANTU
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

Knox D. Nunnally
Don C. Griffin, Jr.
VINSON & ELKINS, L.L.P.
1001 Fannin
2300 First City Tower
Houston, Texas 77002

RUN DATE 03/19/04
RUN TIME  3:38 PM

## CERTIFIED COPY

PATRICIA MORALES CRUZ INDIVIDUALLY AND AS NEXT FRI

VS

ESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERI

*  *  *  *  C L E R K ' S   E N T R I E S  *  *  *  *

(10)

DAMAGES/NEGLIGEN

00020004
JUAN A. GONZALEZ
1300 N 10TH ST. STE 400
MCALLEN, TEXAS          78501 0000

00286810
KNOX D. NUNNALLY
1001 FANNIN
HOUSTON, TEXAS          77002 6760

| Date | Entry |
|------|-------|
| 02/09/04 | ORIGINAL PETITI |
| 02/09/04 | JURY FEE: Pd. b |
| 02/24/04 | CITATION (CM): |
| 02/24/04 | SERVED: 03/0 |
| 02/24/04 | CITATION (CM) |
| 02/24/04 | N. AMERICAN TIR |
| 02/24/04 | SERVED: 03/0 |
| 02/24/04 | CITATION (CM): |
| 02/24/04 | HOLDING, INC. |
| 02/24/04 | SERVED: 03/0 |
| 02/24/04 | CITATION (CM): |
| 02/24/04 | SERVED: 03/0 |
| 03/12/04 | ORIGINAL ANSWER |
| 03/12/04 | N. AMERICAN TIR |
| 03/12/04 | DFS BRIDGESTONE |
| 03/12/04 | AMERICAN TIRE, |
| 03/12/04 | AS SUCCESSOR |
| 03/12/04 | BRIDGESTONE/FIR |
| 03/12/04 | TRANSFER VEN |
| 03/12/04 | THERETO, MOTION |
| 03/12/04 | GROUNDS OF F |
| 03/12/04 | ORIGINAL ANSWER |
| 03/16/04 | DEMAND/C.OSI |
| 03/16/04 | ORIGINAL ANSWER |
| 03/16/04 | FORD MOTOR COME |
| 03/16/04 | TRANSFER VENUE |
| 03/16/04 | THERETO, MO |
| 03/16/04 | THE DOCTRINE OF |
| 03/16/04 | CONVENIENS, |

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
MAR 19 2004
DEPUTY

DISTRICT COURT · CAMERON COUNTY, TEXAS

RUN DATE 03/19/04
RUN TIME 3:38 PM

* * * * C L E R K ' S   E N T R I E S * * * *

**CERTIFIED COPY**

PATRICIA MORALES CRUZ INDIVIDUALLY AND AS NEXT FRI

VS

FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERI

00020004
JUAN A. GONZALEZ
1300 N 10TH ST. STE 400
MCALLEN, TEXAS       78501 0000

00286810
KNOX D. NUNNALLY
1001 FANNIN
HOUSTON, TEXAS       77002 6760

(10)

DAMAGES/NEGLIGEN

03/16/04

ORIGINAL ANSWER
PLAINTIFFS'
RELIANCE UPOM J

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

MAR 19 2004

Reynaldo Lopez Jr.
DEPUTY

DISTRICT COURT * CAMERON COUNTY TEXAS

Citation for Personal Service  - BY CERTIFIED MAIL     Lit. Seq. # 5.004.01

No. 2004-02-000831-A

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FIRESTONE, INC.
    SERVED THROUGH ITS REGISTERED
    AGENT: CT CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 09, 2004 .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-02-000831-A.

The style of the case is:

PATRICIA MORALES CRUZ INDIVIDUALLY AND AS NEXT FRI
VS.
FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERI

Said petition was filed in said court by _____JUAN A. GONZALEZ_____ (Attorney for _____PLAINTIFF_____), whose address is 1300 N 10TH ST. STE 400 MCALLEN, TEXAS  78501 .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of FEBRUARY , A.D. 2004.



Cameron County District Courts
974 E. Harrison
Brownsville, Texas 78520

Aurora De La Garza / District Clerk

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

CERTIFIED MAIL™

7002 2410 0000 9582 0210

FIRESTONE INC
SERVED THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
350 NORTH ST PAUL STREET
DALLAS TEXAS   75201

FEB 26 04
BROWNSVILLE
TX

PB meter
7134542   U.S. POSTAGE

4.88

SCANNED
MAR 08 2004

CAUSE NO. 2004-02-831-A

| | |
|---|---|
| PATRICIA MORALES CRUZ<br>INDIVIDUALLY AND AS NEXT<br>FRIEND OF MARIANA<br>ELIZABETH SUAREZ MORALES<br>AND LUIS FERNANDO SUAREZ<br>MORALES<br><br>VICTORIA CRUZ JIMENEZ<br><br>AND<br><br>GLADYS MORALES CRUZ<br>     PLAINTIFFS<br><br>v.<br><br>FIRESTONE, INC., BRIDGESTONE/<br>FIRESTONE NORTH AMERICAN<br>TIRE, LLC, BRIDGESTONE<br>AMERICAS HOLDING, INC.<br>And FORD MOTOR COMPANY,<br><br>     Defendants. | IN THE DISTRICT COURT OF<br><br>FILED __4:45__ O'CLOCK __P__ M<br>AURORA DE LA GARZA DIST CLERK<br><br>FEB 09 2004<br><br>DISTRICT COURT OF CAMERON COUNTY, TEXAS<br><br>__107th__ JUDICIAL DISTRICT<br><br><br><br>CAMERON COUNTY, TEXAS<br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Patricia Morales Cruz, Individually and as Next Friend of Mariana Elizabeth Suarez Morales and Luis Fernando Suarez, Morales, Victoria Cruz Jimenez and Gladys Morales Cruz  bring this **Plaintiffs Original Petition** against Defendants Firestone, Inc., Bridgestone/Firestone North American Tire, LLC, Bridgestone Americas Holding, Inc. and Ford Motor Company ("Ford"), for the injuries and property damage arising out of an automobile accident occurring in Mexico on or about February 9, 2002.

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiffs, Patricia Morales Cruz, Individually and as Next Friend of

1



SCANNED
MAR 08 2004

**Mariana Elizabeth Suarez Morales and Luis Fernando Suarez Morales, Victoria Cruz Jimenez and Gladys Morales Cruz** request that this case be governed by Discovery Control Plan Level 3, Texas Rule of Civil Procedure 190.3

## II. FACTS

2.1 **Patricia Morales Cruz, Mariana Elizabeth Suarez Morales, Luis Fernando Suarez Morales, Victoria Cruz Jimenez and Gladys Morales Cruz** were involved in an automobile accident occurring in Mexico (the "Incident") and suffered personal injuries and property loss. This incident involved a 1999 Ford Explorer. In this incident one of the tires on the vehicle involved suddenly, unexpectedly, and completely failed. When confronted with this emergency, which was not caused by the negligence of Plaintiff, the driver was not able to maintain control of the vehicle.

2.2 The tire that catastrophically failed in the Incident, a Firestone tire (the "Tire"), was designed, manufactured, and distributed by Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC. The Tire was included as original equipment on the Explorer involved in the Incident, which was designed, manufactured, and distributed by Defendant Ford. In the alternative, the Tire was replacement equipment.

## III. STATE COURT JURISDICTION

**A.    Personal Jurisdiction**

**1.    Defendant Firestone, Inc.**

3.1    Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC was at all relevant times and is now transacting business within the State of Texas as a manufacturer and distributor of motor vehicle tires, including the Tire. Defendant Firestone, Inc. derives substantial revenue from Texas residents.

**SCANNED**

MAR 08 2004

2

### 2.    Defendant Ford

3.2    Defendant Ford was at all relevant times and is now transacting business within the State of Texas as a manufacturer and distributor of motor vehicles, including the Explorer. Defendant Ford derives substantial revenue from Texas residents.

### B.    Subject Matter Jurisdiction

3.3    This Court has subject matter jurisdiction over the Plaintiffs' claims.

a    Plaintiffs seek damages under the common and statutory laws of the State of Texas. The amount in controversy for each claim exceeds this Court's jurisdictional minimum.

## IV. PARTIES

### A.    Plaintiffs

4.1    The following parties are Plaintiffs, each of whom is a resident of Mexico. All of the Plaintiffs assert claims against Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC  Plaintiffs also assert claims against Defendant Ford.

4.2    **Patricia Morales Cruz, Individually**

4.3    **Patricia Morales Cruz a/n/f of Elizabeth Suarez Morales; a Minor**

4.4    **Patricia Morales Cruz a/n/f of Luis Fernando Suarez Morales, a Minor**

4.5    **Victoria Cruz Jimenez Individually; and**

4.6    **Gladys Morales Cruz**

### B.    Defendants

4.7    Defendant Firestone, Inc. is an Ohio corporation with its principal place of business in Nashville, Tennessee. Defendant Firestone, Inc. is authorized to do business in the State of Texas. Defendant Firestone, Inc. may be served with process through its registered

SCANNED

MAR 0 8 2004

3

agent: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4.8    Defendant Bridgestone/Firestone North American Tire, LLC Inc. may be served with process through its registered agent: National Registered Agents, Inc. 1614 Sidney Baker St., Kerrville, Texas 78028.

4.9    Defendant Bridgestone Americas Holding, Inc. may be served with process through its registered agent: National Registered Agents, Inc. 1614 Sidney Baker St., Kerrville, Texas 78028.

4.10    Defendant Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan. Defendant Ford is authorized to do business in the State of Texas. It may be serve through its registered agent: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## V. VENUE

**A.    Texas Has Substantial Connection to Plaintiffs' Claims**

5.1    A substantial part of the acts and omissions giving rise to the Plaintiffs' claims occurred in Reeves County, Texas; Val Verde County, Texas; and Pecos County, Texas.[1]

5.2    Defendant Firestone has extensively tested its AT tires (p/k/a/HT tires) and other steel-belted radial tires at Smithers Tire & Automotive Testing of Texas, Inc., d/b/a Smithers Transportation Test Center in Pecos, located in Reeves County, Texas.

5.3    Defendant Ford has extensively tested its Ford Explorer with the Firestone Tire and other steel-belted radial tires at Smithers Tire & Automotive Testing of Texas, Inc., d/b/a Smithers Transportation Test Center in Pecos, located in Reeves County, Texas.

---

[1] http://www.pecos.net/news/arch87/sar2387.htm.



SCANNED
MAR 08 2004

5.4    Defendant Firestone, Inc.   conducted lane-change maneuver-testing on tires designed for the Ford Explorer prototype at the Firestone Tire & Rubber Test Facility in Fort Stockton, Pecos County, Texas. [2]

5.5    Defendant and Firestone, Inc. advertise the operation of "world-class proving grounds in Ft. Stockton, Texas; Sao Paolo, Brazil; and Acuña, Mexico."[3]

5.6    Defendant Firestone, Inc.  conducted its fleet test at "our test center, either at Acuña or Fort Stockton,"[4] according to the primary expert witness for Firestone, Inc.  in the tire tread separation litigation, James Gardner.

5.7    In 1998, Mr. Gardner wrote a paper entitled "The Role of Tread/Belt Detachment in Accident Causation," which has been used extensively in the tire tread separation litigation and which was based on testing he performed with the Ford Explorer prototype at the Fort Stockton test track in Pecos County, Texas, with the assistance of Fort Stockton personnel.[5]

5.8    Mr. Gardner has described what Firestone has done with tires at Fort Stockton over the years as being virtually all-inclusive: "We've tested them. We run them, and we run them with all different alignment configurations."[6]

5.9    Fort Stockton has been the "technical proving grounds for [Firestone's] real world field tests . . . to determine what unique factors in the recalled tires could result in a higher rate of tread separation claims."[7]

---

[2] http:///www.bridgestone-firestone.com/corporate/profile_content2.html
[3] http:///www.bridgestone-firestone.com/corporate/profile_content2.html
[4] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 15, 2000, at 17
[5] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 16, 2000, at 109-13.
[6] Trial Testimony of James Gardner, Greenwald v. Bridgestone/Firestone, May 1, 1997, at 117.
[7] Bridgestone-Firestone Home/News/Corporate News: "Firestone Announces Findings of Root Cause Analysis, Dec. 19, 2000.

SCANNED
MAR 0 8 2004

**B.    No Other Venue Is More Suitable**

5.10    Defendant Firestone, Inc. has multiple divisions and major offices throughout the United States (including Tennessee, Oklahoma, Indiana, Illinois, Louisiana, Texas, South Carolina, Ohio, North Carolina, Arkansas, Michigan, Georgia Massachusetts, New York, Washington) and the world (Canada, Mexico, Argentina, Brazil, Venezuela, Chile, Puerto Rico, England, Germany, New Zealand, Australia, South Africa, India, and Costa Rica).[8]

5.11    According to Firestone's former vice president of quality assurance, Firestone has 21 or more companies in the United States. He considered that he worked "for all of them . . . it's like a conglomerate."[9]

5.12    According to James Gardner, Firestone's primary expert witness, the Firestone, Inc. radial AT tire has been tested in various places:

    a.    "We had the S rating for the European E4 rating for the S speed rating, and that was certified in the Netherlands."[10]

    b.    "The    load    deflection    data    was    done    in    our    laboratory."[11]

    c.    "The 10K test, which is an irregular wear test, was done at our test facility in Acuña. . . . . The wet traction testing, I think, was done at Fort Stockton, Texas or our skid pad, as well as the dry traction. The ride test, ride and handling, was done at Ford. We did the force and moment testing. The noise testing we did. Ford did the mounting trials at their Louisville plant."[12]

---

[8] http://ww.bridgestone-firestone.com/corporate/directory_division.html: http://www.bsiamericas. com.bsi_site/about/a_f.htm: http://www.firesyn.com/locations.htm
[9] Oral Deposition of Robert O. Martin, Greenwald v. Bridgestone/Firestone, Mar. 18, 1997, at 5-11.
[10] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 14, 2000, at 214.
[11] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 14, 2000, at 214-15.
[12] Oral Deposition of James Gardner, Hendricks v. Bridgestone/Firestone, Feb. 14, 2000, at 216.

SCANNED
MAR 08 2004

5.13    Robert Wyant, Firestone's vice president of corporate quality, has people who directly report to him from Akron, Detroit, and Nashville.[13]

## VI. CAUSES OF ACTION

6.1    Plaintiffs bring strict liability and negligence claims against Defendants as follows:

**A.    Negligence of Firestone, Inc. and/or Bridgestone/Firestone North American Tire, L.L.C.**

6.2    Defendant Firestone, Inc.  developed, designed, manufactured, inspected, distributed, and sold the Tire for use on motor vehicles, including the Explorer.

6.3    Defendant Firestone, Inc.  breached the duty of reasonable care that it owed to Plaintiffs as follows:

a.    negligently designed the Tire;

b.    negligently constructed the Tire;

c.    negligently manufactured the Tire;

d.    negligently tested or failed to test the Tire;

e.    negligently inspected or failed to inspect the Tire;

f.    negligently warned or failed to warn Plaintiffs of defects in the Tire that Defendant Firestone either knew or should have known existed; and

g.    negligently warned or failed to warn Plaintiffs of signs of tread belt separation and the consequences of tread belt separation.

6.4    These negligent acts and omissions were a direct and proximate cause of the injuries and damages described in this Petition and suffered by Plaintiffs.

---

[13] Oral Deposition of Robert J. Wyant, Guillen v. Bridgestone/Firestone, Sept. 15, 2000, 20-21, 69-70

SCANNED
MAR 08 2004

**E.**    **Strict Liability of Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC**

6.5    Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC developed, designed, manufactured inspected, tested, distributed, and sold the Tire that was included as original or replacement equipment on the Explorer. At the time of the Incident, the Tire was in the same condition as it was when originally manufactured, marketed, tested, and distributed by Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC.

6.6    The Tire, which was developed, designed, manufactured, inspected, tested, distributed, and sold by Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC was unfit and unsafe for its intended uses and purposes when it left the control of Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC because of design, manufacturing, testing, and inspection defects that caused the Tire to suddenly fail. In particular, the Tire was defective in that it lacked proper adhesion of the steel belts to surrounding material, resulting in tread belt separation and catastrophic failure during normal and expected use by Plaintiffs. Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC failed to incorporate gum edge strips, zero degree textile bands, nylon overlays, nylon belt edge layers, or nylon safety belts in the Tire to significantly reduce the risk of tread belt separation and catastrophic failure of the Tire.

6.7    There were safer alternative designs that would have prevented these defects. The safer alternative designs would have prevented or significantly reduced the risk of injury without substantially impairing the Tire's utility. Furthermore, the safer alternative designs were economically and technologically feasible at the time the Tire left the control of Defendant

SCANNED
MAR 0 8 2004

Firestone by the application of existing or reasonably achievable scientific knowledge. Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC is strictly liable for these design and manufacturing defects and the resulting damages to Plaintiffs under Texas law, including TEX. CIV. PRAC. & REM. CODE § 82.005. The defective design and manufacture was a producing cause of the injuries and damages suffered by Plaintiffs.

6.8    Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC also failed to warn consumers of these dangers.

6.9    Thus, the Tire was defectively designed, manufactured, and marketed, and was unreasonably dangerous to users, when it left the control of Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC and when it was distributed and sold as original or replacement equipment on the Explorer. The Tire was intended to and did reach consumers and users without substantial change in the condition in which it was manufactured and distributed by Defendant Firestone, Inc. and/or Bridgestone/Firestone North American Tire, LLC.

**F.    Negligence of Ford**

6.10    Defendant Ford developed, designed, manufactured, inspected, distributed, and sold the Explorer.

6.11    Defendant Ford breached the duty of reasonable care that it owed to the Plaintiffs asserting a claim against Defendant Ford:

      a.    negligently distributed and sold the Explorer with defective Tires when it knew or should have known that non-defective tires were economically and technologically feasible and the use of non-defective tires on the Explorer would have been a safer alternative design that would have

**SCANNED**

MAR 08 2004

significantly reduced the risks to Plaintiffs without substantially impairing the utility of the Explorer; and

b.    negligently warned or failed to warn Plaintiffs of defects in the Explorer, including defects in the Tires, which it knew or should have known existed.

6.12    These negligent acts and omissions were a direct and proximate cause of the injuries and damages described in this Petition and suffered by the Plaintiffs making a claim against Defendant Ford.

**G.    Strict Liability of Ford**

6.13    Defendant Ford developed, designed, manufactured, inspected, distributed, and sold the Explorer. At the time of the Incident, the Explorer was in the same condition as it was when originally manufactured, marketed, and distributed by Defendant Ford.

6.14    The Explorer was unfit and unsafe for its intended uses and purposes when it left the control of Defendant Ford because of design, manufacturing, and inspection defects. In particular, the Explorer was defective in that it had an unreasonable propensity to rollover during foreseeable emergency maneuvers, including, but not limited to, emergency maneuvers following a catastrophic tire failure. The Explorer was also defective in that it was designed, manufactured, distributed, and sold with defective Tires, as alleged in this Petition.

6.15    There were safer alternative designs that would have prevented these defects. The safer alternative designs would have prevented or significantly reduced the risk of injury without substantially impairing the Explorer's utility. Furthermore, the safer alternative designs were economically and technologically feasible at the time the Explorer left the control of Defendant Ford by the application of existing or reasonably achievable scientific knowledge. Defendant

10

**SCANNED**

MAR 08 2004

Ford is strictly liable for these design and manufacturing defects and the resulting damages to Plaintiffs under Texas law, including TEX. Civ. PRAC. & REM. CODE § 82.005. The defective design and manufacture was a producing cause of the injuries and damages suffered by Plaintiffs.

6.16    Defendant Ford also failed to warn consumers of these dangers.

6.17    Thus, the Explorer was defectively designed, manufactured, and marketed, and was unreasonably dangerous to users, when it left the control of Defendant Ford. The Explorer was intended to and did reach consumers and users without substantial change in the condition in which it was manufactured and distributed by Defendant Ford.

## VII. DAMAGES

7.1    Plaintiffs seek damages exceeding the jurisdictional limits of this Court.

7.2    The Defendants' acts and omissions described herein were a direct, producing and proximate cause of the following damages:

**A.    Personal Injury**

7.3    Plaintiffs suffered serious injuries as a result of the Defendants' acts and omissions.

7.4    As a result of these injuries, Plaintiffs have suffered and will suffer: (1) physical pain and suffering, (2) mental anguish and emotional distress, (3) lost earnings and earning capacity, (4) disfigurement, (5) physical impairment, and (6) related medical expenses.

7.5    The Plaintiffs seeking personal injury damages are:

**1.    Patricia Morales Cruz,**

**2.    Elizabeth Suarez Morales; a Minor**

**3.    Luis Fernando Suarez Morales, a Minor**

**SCANNED**

**MAR 08 2004**

4.    **Victoria Cruz Jimenez; and**

5.    **Gladys Morales Cruz**

B.    **Personal Property Loss**

7.6    Plaintiffs sue to recover for the property damage to the vehicle resulting from the Incident.

C.    **Exemplary Damages**

7.7    Defendants' acts and omissions were grossly negligent, reckless, and involved an entire want of care.   Plaintiffs' damages resulted from Defendants' objective and subjective conscious indifference to the rights, welfare, and safety of Plaintiffs.

E.    **Interest and Costs**

7.8    The Plaintiffs also seek pre-judgment and post-judgment interest and court costs to the full extent permitted by Texas law.

## VIII. CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiffs' recovery have been performed or have occurred.

## IX. PRAYER FOR RELIEF

9.1    Plaintiffs request that the Court enter a judgment against the Defendants for the damages alleged herein and other relief to which these Plaintiffs are entitled.

## X.
## JURY DEMAND

10.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs request a jury trial in this cause and deposit with the District Clerk of Cameron County, Texas the requisite jury fee.

**SCANNED**

MAR 08 2004

Respectfully submitted,
**LAW OFFICE OF MARK A CANTU**
The Atrium
1300 N. 10th Street, Ste. 400
McAllen, Texas 78501
Tel: (956) 687-8181
Fax: (956) 687-8868

By:
    JUAN A. GONZALEZ
    Attorney in Charge
    State Bar No. 08129310
ATTORNEY-IN-CHARGE FOR
PLAINTIFFS

13

**SCANNED**
MAR 0 8 2004



LAW OFFICE OF
M A R K  A.
CANTÚ

**Associates**

**GLENN D. ROMERO**
Board Certified
Personal Injury Trial Law
Texas Board of Legal
Specialization

**JUAN A. GONZALEZ**
Board Certified
Labor & Employment Law
Texas Board of Legal
Specialization

February 9, 2004

**RICARDO G. BENAVIDES**
Attorney At Law

**VIA HAND-DELIVERY**

Ms. Aurora De La Garza
**DISTRICT CLERK-CAMERON COUNTY**
974 E. Harrison
Brownsville, Texas 78520

  *Re:  Cause No.* 2004 – 02 831 - A
     *Patricia Morales Cruz v. Firestone, Inc., et al .*

Dear Ms. De la Garza:

  Please find enclosed herewith an original and five copies of Plaintiffs' Original Petition. Also enclosed a check for $438.00 to cover the cost associated with the filing, jury trial request and issuance of citations by certified mail return receipt requested. I ask that you stamp file one of the copies and return to me via the courier.

  As always, your time in this matter is greatly appreciated.

        Sincerely,

        **LAW OFFICE OF MARK A. CANTU**

        Juan A. Gonzalez
        Attorney at Law

JAG:rd

Enclosures

SCANNED
MAR 08 2004

Citation for Personal Servi⌐  - BY CERTIFIED MAIL    t. Seq. # 5.005.01

No. 2004-02-000831-A

THE   STATE   OF   TEXAS       .

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BRIDGESTONE/FIRESTONE N. AMERICAN TIRE
MAY BE SERVED THROUGH ITS
REGISTERED AGENT:
NATIONAL REGISTERED AGENTS INC
1614 SIDNEY BAKER ST.
KERRVILLE, TEXAS 78028
the        DEFENDANT    , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 09, 2004 .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-02-000831-A.

The style of the case is:

PATRICIA MORALES CRUZ INDIVIDUALLY AND AS NEXT FRI
VS.
FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERI

Said petition was filed in said court by _____ JUAN A. GONZALEZ _____ (Attorney for _____PLAINTIFF_____), whose address is 1300 N 10TH ST. STE 400 MCALLEN, TEXAS  78501 _____ .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of FEBRUARY , A.D. 2004.

AURORA DE LA GARZA    , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com℠

OFFICIAL USE

BRIDGESTONE FIRESTONE N AMERICAN TIRE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
BRIDGESTONE FIRESTONE N AMERICAN TIRE
Street, Apt. No.;
or PO Box No. 1614 SIDNEY BAKER ST
City, State, ZIP+4
KERRVILLE TEXAS 78028

PS Form 3800, June 2002          See Reverse for Instructions

7003 1010 0003 1969 2647

| CITY | STATE | ZIP |
|---|---|---|

---

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 24th of
FEBRUARY  2004, I mailed to

BRIDGESTONE/FIRESTONE N. AMERICAN TIRE

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  0369612647
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

By: Yolanda Zambrano , Deputy



Citation for Personal Service - BY CERTIFIED MAIL    I.C. Seq# 5.006.01

No. 2004-02-000831-A

THE   STATE   OF   TEXAS

     NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

TO: BRIDGESTONE AMERICAS HOLDING, INC.
    MAY BE SERVED THROUGH ITS
    REGISTERED AGENT:
    NATIONAL REGISTERED AGENTS INC
    1614 SIDNEY BAKER ST.
    KERRVILLE, TEXAS 78028
the        DEFENDANT       , GREETING:

     You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 107th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said _____ PETITION _____ was filed on
FEBRUARY 09, 2004 .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-02-000831-A.

The style of the case is:

          PATRICIA MORALES CRUZ INDIVIDUALLY AND AS NEXT FRI
                              VS.
          FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERI

Said petition was filed in said court by _____ JUAN A. GONZALEZ _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
1300 N 10TH ST. STE 400 MCALLEN, TEXAS  78501                          .

     The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

     The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

     Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 24th day of FEBRUARY , A.D. 2004.

          AURORA DE LA GARZA    , DEPUTY CLERK
          Cameron County, Texas
          974 E. Harrison St.
          Brownsville, Texas 78521



CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 24th of

FEBRUARY  2004,  I mailed to

BRIDGESTONE AMERICAS HOLDING, INC.

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. ___0095820211___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA        , District Clerk
Cameron County, Texas

By: _____ Deputy

---

ATTACH RETURN RECEIPTS WITH

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE
BRIDGESTONE AMERICAS HOLDING, INC

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
BRIDGESTONE AMERICAS HOLDING INC
Street, Apt. No.;
or PO Box No. 614 SIDNEY BAKER ST
City, State, ZIP+4
KERRVILLE TEXAS  78028

PS Form 3800, June 2002                See Reverse for Instructions

7002 2410 0000 9582 0211



Citation for Personal Service - BY CERTIFIED MAIL      t. Seq. # 5.007.01

No. 2004-02-000831-A

## THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FORD MOTOR COMPANY
    SERVED THROUGH ITS REGISTERED
    AGENT: CT CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on FEBRUARY 09, 2004 .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-02-000831-A.

The style of the case is:

PATRICIA MORALES CRUZ INDIVIDUALLY AND AS NEXT FRI
VS.
FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERI

Said petition was filed in said court by _____ JUAN A. GONZALEZ _____
(Attorney for _____ PLAINTIFF _____), whose address is
1300 N 10TH ST. STE 400 MCALLEN, TEXAS  78501 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of FEBRUARY , A.D. 2004.

AURORA DE LA GARZA , DISTRICT CLERK 
Cameron County, Texas
974 E. Harrison St.





CERTIFIED MAIL NO.     03696126654
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

Cameron County, Texas
AURORA DE LA GARZA

District Clerk
By:



**ORIGINAL**

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.004.01

No. 2004-02-000831-A

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FIRESTONE, INC.
    SERVED THROUGH ITS REGISTERED
    AGENT: CT CORPORATION SYSTEM
    350 NORTH ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on FEBRUARY 09, 2004 .  A copy of same accompanies this citation.

The file number of said suit being No. 2004-02-000831-A.

The style of the case is:

PATRICIA MORALES CRUZ INDIVIDUALLY AND AS NEXT FRI
VS.
FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERI

Said petition was filed in said court by _____JUAN A. GONZALEZ_____ (Attorney for _____PLAINTIFF_____), whose address is 1300 N 10TH ST. STE 400 MCALLEN, TEXAS  78501 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 24th day of FEBRUARY , A.D. 2004.

_____AURORA DE LA GARZA_____, DISTRICT CLERK

CERTIFICATE OF ELIVERY OF MAIL

---

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

---

I hereby certify that on the 24th of

FEBRUARY  2004, I mailed to

FIRESTONE, INC.

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   0095820204
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA
Cameron County, Texas

By: _Yolanda Zambrano_  Deputy







CAUSE NO. 2004-02-831-A

| | | |
|---|---|---|
| PATRICIA MORALES **CRUZ** | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| OF MARIANA ELIZABETH SUAREZ | § | |
| MORALES AND LUIS FERNANDO | § | CAMERON COUNTY, TEXAS |
| SUAREZ MORALES, VICTORIA CRUZ | § | |
| JIMENEZ, and GLADYS MORALES CRUZ | § | |
| | § | |
| V. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| FIRESTONE, INC., BRIDGESTONE/ | § | |
| FIRESTONE NORTH AMERICAN | § | |
| TIRE, LLC, BRIDGESTONE AMERICAS | § | |
| HOLDING, INC., and FORD MOTOR | § | |
| COMPANY | § | |

---

**DEFENDANTS BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE,
L.L.C., INDIVIDUALLY AND AS SUCCESSOR TO
BRIDGESTONE/FIRESTONE, INC., AND
BRIDGESTONE AMERICAS HOLDING, INC.'S
MOTION TO TRANSFER VENUE AND, SUBJECT THERETO,
MOTION TO DISMISS ON GROUNDS OF *FORUM NON CONVENIENS* AND
ORIGINAL ANSWER AND JURY DEMAND**

---

COMES NOW, DEFENDANTS BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., Individually and as Successor to Bridgestone/Firestone, Inc. (misnamed by Plaintiffs as "Firestone, Inc.") and Bridgestone Americas Holding, Inc. (referred to collectively herein as "Firestone") and files this their Motion to Transfer Venue, Motion to Dismiss on Grounds of *Forum Non Conveniens* (subject to Motion to Transfer Venue) and Original Answer and Jury Demand (subject to Motion to Transfer Venue).

Bridgestone/Firestone, Inc. was an Ohio corporation, but it merged with and into Bridgestone/Firestone North American Tire, L.L.C. effective as of December 1, 2001. Bridgestone/Firestone, Inc. is not currently in existence as a separate corporate entity.

Accordingly, Bridgestone/Firestone North American Tire, L.L.C. files this instrument both individually and also as successor to Bridgestone/Firestone, Inc.

## I.
## MOTION TO TRANSFER VENUE

Pursuant to Rule 86 of the Texas Rules of Civil Procedure, Firestone moves for the Court to transfer venue from Cameron County to Dallas County, a county of proper venue, for the independent and equally compelling reasons that: (1) Cameron County is not a county of proper venue and (2) Cameron County would be an inconvenient county for this case to be heard. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a) & (b) and § 15.003. This motion is made before any other plea, pleading or motion.

**A.      Cameron County is not a county of proper venue under TEX. CIV. PRAC. & REM. CODE § 15.002 or § 15.003.**

Plaintiffs contend in their Petition that venue is proper in Cameron County because a substantial part of the acts and omissions giving rise to Plaintiffs' claims allegedly occurred in Reeves, Val Verde, and Pecos Counties and because Firestone and Ford allegedly tested their tires and vehicles in Reeves, Val Verde and/or Pecos Counties. *See* Plaintiffs' Original Petition at ¶ 5.1-5.13. Plaintiffs neglect to specify one single act or omission by any party to this case that allegedly occurred in Cameron County. Indeed, Plaintiffs do not allege that Plaintiffs are residents of Cameron County and fail to allege any connection or relationship whatsoever of this case to Cameron County. Moreover, there is no corporate defendant in this case that has its principal place of business in Texas in Cameron County.

**1.      *No substantial part of the acts or omissions giving rise to the Plaintiffs' claims occurred in Cameron County.***

Firestone specifically denies that a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in Cameron County. Plaintiffs allege no specific fact to support their

contention that a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in Cameron County and instead allege that the substantial acts or omissions that give rise to Plaintiff's claims occurred in Reeves, Pecos, or Val Verde Counties.  Moreover, as alleged in the Petition, all or a substantial part of the acts or omissions giving rise to Plaintiffs' claims actually occurred outside of the United States – in Mexico, where Plaintiffs allegedly were involved in an automobile accident (they claim the accident was caused by a defective tire manufactured by Firestone and included as original or replacement equipment on certain Ford Explorers; *see id.* at ¶¶ 2.2, 3.1, 6.2, 6.5).  Further, there is no allegation that Plaintiffs purchased the allegedly defective tires or Ford Explorer in Texas, drove in Texas, had an accident in Texas, live in Texas, or have ever even visited Texas.  Thus, Plaintiffs' contention that a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in Reeves, Val Verde or Pecos Counties and that venue is thus proper in Cameron County is untenable.  As such, venue is not proper in this County.

       **2.**      *Venue is proper in Dallas County.*

Having shown that Cameron County is not a county of proper venue, Firestone respectfully requests that the Court transfer this case to Dallas County, which is a county of proper venue because it is the county of co-defendant Ford Motor Company's principal office in Texas.  *See* TEX. CIV. PRAC. & REM. § 15.002(3).

     **B.**     **Additionally, this case should be transferred to Dallas County for the convenience of the parties and witnesses and in the interest of justice.**

Independent of the fact that Cameron County is not a county of proper venue, the Court should transfer this case to Dallas County for the convenience of the parties and witnesses and in the interest of justice.  *See* TEX. CIV. PRAC. & REM. § 15.002(b).

Venue in Cameron County would work an injustice to Firestone considering the economic hardship of litigating in this County. Continuing this case in Cameron County would increase all of the parties' costs of litigation, and this problem is magnified by the fact that the this case has absolutely no connection to Cameron County. Additionally, the balance of interests of all the parties predominates in favor of this case being transferred to Dallas County and the transfer of this case would not work an injustice to any other party because Plaintiffs are not residents of Texas, much less Cameron County, and, presumably, as Dallas is a major air hub, maintaining this case in Dallas County would be less expensive for all parties, including Plaintiffs.

Accordingly, Firestone respectfully requests that the Court transfer this case to Dallas County for the convenience of the parties and witnesses and in the interest of justice.

## II.
## MOTION TO DISMISS ON GROUNDS OF *FORUM NON CONVENIENS*
### (Subject to Motion to Transfer Venue)

Subject to and without waiving its Motion to Transfer Venue, Firestone moves this Court to dismiss Plaintiffs' Original Petition on the grounds of *forum non conveniens* as authorized by TEX. CIV. PRAC. & REM. CODE § 71.051 (a) and (b). As Plaintiffs admit, the accident giving rise to this litigation occurred in Mexico. *See* Plaintiffs' Original Petition, ¶ 2.1. Although Plaintiffs filed suit in the United States, Mexico has the most significant relationship to this suit, and thus Mexican law will govern Plaintiffs' claims regardless of where the case is heard.

The Court should decline to exercise jurisdiction based on the doctrine of *forum non conveniens*. Plaintiffs have an available and adequate forum in Mexico to assert their claims. Moreover, the interests of the parties and the public strongly favor trial in Mexico. Because Plaintiffs are Mexican residents and Mexican citizens, and because the accident in question

occurred in Mexico, most of the documentary evidence and witnesses in this case are located in Mexico, beyond the subpoena power of this Court. This includes, for example, the authorities who investigated the accident, the doctors who treated the victims, and the mechanics who maintained the vehicle and tires. Those Mexican witnesses who are willing to voluntarily appear in this forum may do so only at significant expense. Also, their testimony, as well any documentary evidence voluntarily produced, would have to be translated from Spanish to English, at additional expense and inconvenience to the Court and the parties.

If suit is maintained here, the Court will be required to interpret and apply Mexican law, a difficult task at best. Moreover, it makes little sense to expend this Court's limited resources to resolve a controversy with little or no nexus to the United States or Texas. Also, it is fundamentally unfair to require citizens of this community to serve as jurors in a lengthy trial unrelated to the community. Mexico obviously has the paramount concern with protecting its citizens from allegedly defective products manufactured, sold and/or used in Mexico, and allegedly causing injury in Mexico. Thus, both the public's interest and the private interests of the litigants favor trial in Mexico. Notably, in a case strikingly similar to this one, a federal court dismissed on *forum non conveniens* grounds the product liability claims of foreign plaintiffs arising from an accident in a foreign country allegedly caused by defects in a Firestone tire. *See Danser v. Firestone Tire & Rubber Co.*, 86 F.R.D. 120 (S.D.N.Y. 1980).

Firestone reserves the right to amend or supplement this motion to dismiss and to file affidavits, evidence and memoranda of law in support hereof.

## III.
## ORIGINAL ANSWER
### (Subject to Motion to Transfer Venue)

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Firestone enters a general denial of the matters pleaded by Plaintiffs and respectfully requests the Court to require Plaintiffs to prove their charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## IV.
## AFFIRMATIVE DEFENSES
### (Subject to Motion to Transfer Venue)

Plaintiffs seek to apply Texas law to the actions of Firestone without a determination of whether that body of law or the law of Mexico applies to Plaintiffs' claims. Firestone intends to rely upon, reserves its right to assert, and hereby pleads such other and related defenses that may become available in the event of a determination that the action or some part thereof is governed by substantive federal common law or the substantive law of a jurisdiction other than Texas, such as Mexico.

Firestone would further show affirmatively that:

1.    Plaintiffs' Original Petition and each count thereof fails to state a claim upon which relief may be granted.

2.    Plaintiffs' causes of action may be barred in whole or in part by the doctrines of laches, waiver, and estoppel.

3.    Plaintiffs' recovery, if any, may be barred entirely, or should be reduced, by their own comparative negligence.

4.    The damages alleged by Plaintiffs were caused, solely or partially, or proximately caused by some person or third party for whom Firestone is not legally responsible.

5.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit. Firestone may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Firestone, when compared with that of Plaintiff, each co-defendant, each settling party, and each and every responsible third party, is greater than 50%.

6.    If Plaintiffs settle with any other person or entity, then Firestone reserves the right to make a written election of credit for settlements under § 33.014 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

7.    Plaintiffs have sued Ford Motor Company claiming that this entity is liable under theories of strict products liability and negligence for its role in manufacturing, marketing, designing, testing, shipping, distributing, inspecting and selling the vehicle and tire in question. In the event that Plaintiffs settle all or part of the claims brought by Plaintiffs against this party or any other party, Firestone demands that the trier of fact as to each cause of action asserted shall determine a percentage of responsibility, stated in whole numbers, for each settling person, and for each other person causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard or by any combination of these. Further, Firestone asserts its rights under Section 33.012 of the TEXAS CIVIL PRACTICE & REMEDIES CODE to the extent that if a claimant is not barred from recovery under Section 33.001, the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of

responsibility. Further, if the claimant has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a credit equal to one of the elected alternatives elected under either Section 33.012(1) or (2).

8.     Plaintiffs' alleged damages resulted from new and independent, unforeseeable, superseding and intervening causes unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Firestone.

9.     The incident giving rise to this lawsuit may have been an unavoidable accident as that term is known in law.

10.     Plaintiffs' recovery, if any, from Firestone should be reduced by the comparative negligence, fault, responsibility, or causation attributable to other defendants and Plaintiffs and responsible third parties.

11.     Plaintiffs' alleged damages were not proximately caused by any act or omission of Firestone.

12.     Plaintiffs' alleged damages were the result of pre-existing conditions that were unrelated to any conduct of, or product manufactured or placed in the stream of commerce by, Firestone.

13.     Plaintiffs' damages, if any, were caused by changes and alterations to Firestone's products made by persons not within Firestone's control.

14.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Firestone.

15.    Based on the state of scientific and technological knowledge at the time that the tires in question were manufactured and marketed, they were reasonably safe for their normal and foreseeable use at all relevant times.

16.    Plaintiffs' claims may be barred, in whole or in part, because the tires in question conformed to the state of the art and were in compliance with applicable governmental regulations and standards.

17.    Plaintiffs' claims may be barred, in whole or in part, because Firestone complied with all applicable statutes and with the requirements and regulations, including the Motor Vehicle Safety Act promulgated by the National Highway Traffic Safety Administration.

18.    Plaintiffs' claims under Texas law are barred by the doctrine of federal preemption.

19.    Plaintiffs' claims against Firestone are barred under Section 402A of the *Restatement (Second) of Torts*.

20.    Plaintiffs' claims against Firestone are barred under Sections 2 and 4, et seq. of the *Restatement (Third) of Torts: Product Liability*.

21.    The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by Plaintiffs' failure to mitigate such damages in whole or in part.

22.    Firestone expressly denies that any third party engaging in the acts alleged by Plaintiffs was acting as Firestone's agent or servant, at the instruction of Firestone or within Firestone's control.  Therefore, Plaintiffs' claims against Firestone, to the extent they seek recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

23.    Plaintiffs' claims may be barred in whole or in part by the common knowledge defense.

24.    Plaintiffs' claims may be barred in whole or in part by their unforeseeable product misuse and their abnormal or unintended use or abuse of the product.

25.    Plaintiffs' claims may be barred in whole or in part by Plaintiffs' failure to properly maintain their vehicle.

26.    Plaintiffs' claims may be barred in whole or in part by their assumption of the risk associated with the purchase and use of the product.

27.    Plaintiffs' claims may be barred by their failure to comply with conditions precedent to their right to recover.

28.    Plaintiffs' claims may be barred because Firestone's conduct is not the producing cause of Plaintiffs' alleged injuries.

29.    Plaintiffs' claims may be barred in whole or in part by intervening and superseding acts.

30.    Plaintiffs' claims may be barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

31.    Plaintiffs' claims are governed by Mexican law, and this case should be dismissed so that Plaintiffs' claims can properly be addressed by a Mexican court of competent jurisdiction. In the alternative, Firestone asserts that Plaintiffs' claims are preempted or barred by applicable federal law. The manufacture and marketing of tires is controlled by federal law, and Firestone was at all times in compliance and obedience with applicable federal law. If Plaintiffs' causes of action against Firestone are permitted and allowed, they would impede, impair, frustrate and burden the effectiveness of federal law regulating transportation and would constitute an invalid

burden on interstate commerce, violating the supremacy and commerce clauses of the UNITED STATES CONSTITUTION, Article VI, Section 2 and Article I, Section 8, respectively.

32.     Plaintiffs impermissibly seeks to impose liability on conduct protected from liability by the First Amendment to the UNITED STATES CONSTITUTION and by Section 8 of Article 1 of the CONSTITUTION OF THE STATE OF TEXAS.

33.     Pleading further, alternatively, Firestone pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States; similar provisions of the Texas Constitution, including Article I, Sections 3, 10, 13, 14 and 19; *State Farm Mut. Automobile Ins. Co. v. Campbell,* No. 01-1289, 123 S.Ct. 1513 (April 7, 2003); and *BMW of North America v. Gore,* 517 U.S. 559 (1995). Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies equal protection of the laws under the Fourteenth Amendment, and violates the due process of clause of the Fifth and Fourteenth Amendments. Firestone pleads that any claim by Plaintiffs for punitive damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside because, among other reasons:

A.     It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and Article I, Sections 3 and 19 of the Texas Constitution, to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

B.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

C.  Texas law and the Texas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion, thereby violating the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution as well as Article I, sections 3 and 19 of the Texas Constitution.

D.  Firestone had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Firestone to punitive damages or as to the potential amount of such an award.

E.  Under Texas law and the Texas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such

damages are assessed.  The procedures pursuant to which punitive damages are awarded fail to adequately inform the fact finder as to reasonable limits, consistent with the purposes of punitive damages, on the amount of the award against the defendant, giving the fact finder discretion without adequate standards or guidelines within which to exercise that discretion with respect to the amount of any punitive damages award, thereby violating the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution.

F.      The procedures by which punitive damages are assessed and measured provide the  defendant with no adequate notice  (either with respect to the possibility of the imposition of punitive damages or with respect to the potential amount of any punitive damages award) and no standards by which it could modify its conduct to avoid the imposition of punitive damages, thereby violating the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, as well as Article I, section 19 of the Texas Constitution.

G.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and permit arbitrary awards and discrimination against a defendant on various grounds, including (but not limited to) its residence and its status, particularly, (but not limited to) its corporate status, and other invidiously discriminatory characteristics, thereby violating the equal protection clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the Texas Constitution.

H.      The procedures pursuant to which punitive damages are awarded permit the

imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and of the equal protection clause of the Fourteenth Amendment of the United States Constitution, as well as violate Article I, Sections 13 and 19 of the Texas Constitution.

I.     Under Texas law and the Texas punitive damage scheme, there is no limit on the number of times Firestone could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines, particularly (but not limited to) the likelihood that punitive damages may be assessed multiple times for the same conduct, in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 13 of the Texas Constitution (as well as in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution).

J.     The limitations imposed by statute on the authority of the appellate courts of Texas, particularly, but not limited to, the limitations contained in Article V, section 6 of the Texas Constitution and in section 22.225 of the Texas Government Code, do not provide for adequate appellate review of a punitive damage award or the amount thereof, and do not provide objective standards for such review, thereby violating the United States Constitution, as well as the Texas Constitution.

K.     The award of punitive damages to the Plaintiffs in this action would constitute a

deprivation of property without due process of law which violates the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution.

L.  Texas law concerning punitive damages does not provide adequate procedural safeguards for the imposition of a punitive damages award and does not provide adequate post-trial or appellate review of punitive damages awards or objective standards for such review, and thus any award of punitive damages in this case would violate the due process clause of the Fifth and Fourteenth Amendments of the United State Constitution and Article I, section 19 of the Texas Constitution.

M.  No provision of Texas law or the Texas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *State Farm Mut. Automobile Ins. Co. v. Campbell*, No. 01-1289, 123 S.Ct. 1513 (April 7, 2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1990); and *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the imposition of a punitive award.

N.  Insofar as the punitive damage award sought by Plaintiffs seek to impose punitive damages under Texas law for conduct in other states, the award violates the following provisions, among others:  (a) Firestone's rights to due process and due course of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, section 19 of the Texas Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United

States Constitution that a state respect the autonomy of the other states within their spheres; and (e) the prohibition against excessive fines in Article 1, section 13 of the Texas Constitution.

O.  To the extent that Chapter 41 of the Texas Civil Practice and Remedies Code could be construed as authorizing an award of punitive damages under the circumstances of this case, Chapter 41 violates the above-listed provisions of the United States and Texas Constitutions. This is because, without limitation, in the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice & Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

P.  Firestone would show that the net effect of Texas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state constitutional mandates for equal protection found in the Fourteenth Amendment to the United States Constitution and Article 1, section 3 of the Texas Constitution are violated. Insofar as the lodestone of the Texas punitive damage system is in the depth of the defendant's pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal

protection mandates.

Q.    Firestone would show that no act or omission was malicious, reckless, knowing, or intentional and, therefore, any award of punitive damages is barred.

R.    Pursuant to *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), the amount of punitive damages to be awarded is not an issue of fact and should not be decided by the jury.

34.    Plaintiffs' claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

35.    Plaintiffs' claims for punitive damages are barred because the subject tire complied with Federal Motor Vehicle Safety Standard 109.

36.    Plaintiffs' claims for punitive damages are in contravention of Firestone's rights under each of the following constitutional provisions:

A.    the Commerce Clause of Article I, Section 8 of the UNITED STATES CONSTITUTION;

B.    the Contracts Clause of Article I, Section 10 of the UNITED STATES CONSTITUTION;

C.    the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the UNITED STATES CONSTITUTION;

D.    the Supremacy Clause of Article VI of the UNITED STATES CONSTITUTION;

E.    the Free Speech Clause of the First Amendment of the UNITED STATES CONSTITUTION;

F.    the Due Process Clause of the Fifth and Fourteenth Amendments of the UNITED STATES CONSTITUTION;

G.    the Takings Clause of the Fifth Amendment of the UNITED STATES CONSTITUTION;

H.    the Right to Counsel of the Sixth Amendment of the UNITED STATES CONSTITUTION;

I.    the Excessive Fines Clause of Eighth Amendment of the UNITED STATES CONSTITUTION;

J.    the Right to Trial by Jury contained in the Seventh Amendment of the UNITED STATES CONSTITUTION;

K.    the Equal Protection Clause of the Fourteenth Amendment;

as well as the Constitution of the State of Texas.

37.    Bridgestone/Firestone, Inc. was an Ohio corporation, but it merged with and into Bridgestone/Firestone North American Tire, L.L.C. effective as of December 1, 2001. Bridgestone/Firestone, Inc. is not currently in existence as a separate corporate entity. Accordingly, Bridgestone/Firestone, Inc. does not have the capacity to be sued.

## V.
## JURY DEMAND

Firestone hereby demands a trial by jury. The requisite fee is being paid concurrently with the filing of this instrument.

WHEREFORE, Firestone prays that Plaintiffs' claims against it be dismissed for *forum non conveniens*. Further in the alternative, Firestone prays that this action be transferred to Dallas County for further proceedings. Firestone further prays that Plaintiffs take nothing against Firestone, that Firestone be discharged with payment for its costs expended in this matter, and for such other and further relief to which Firestone may be justly entitled.

Respectfully submitted,

VINSON & ELKINS, L.L.P.

By __Knox D. Nunnally__
Knox D. Nunnally
State Bar No. 15141000
Don C. Griffin, Jr.
State Bar No. 08456975
1001 Fannin
2300 First City Tower
Houston, Texas 77002
(713) 758-2416
(713) 615-5220 (fax)

**ATTORNEYS FOR DEFENDANT, BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C., INDIVIDUALLY AND AS SUCCESSOR TO BRIDGESTONE/FIRESTONE, INC. AND BRIDGESTONE AMERICAS HOLDING, INC.**

## VERIFICATION

On this day, THAD K. JENKS personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that he is one of the attorneys representing Bridgestone/Firestone North American Tire, L.L.C., Successor to Bridgestone/Firestone, Inc., that he has read paragraph 37 regarding the affirmative defense that Bridgestone/Firestone, Inc. does not have the capacity to be sued, and that this paragraph is within his personal knowledge and is true and correct.

_____
THAD K. JENKS

SUBSCRIBED AND SWORN TO BEFORE ME on March 11, 2004:

_____
Notary Public in and for the State of Texas



## CERTIFICATE OF SERVICE

I hereby certify that on this **11th** day of **March, 2004,** I have served a copy of the foregoing instrument on all counsel of record by certified mail, return receipt requested.

***Attorney-in-Charge for Plaintiffs:***
Juan A. Gonzalez
LAW OFFICE OF MARK A. CANTU
The Atrium
1300 N. 10th Street, Suite 400
McAllen, Texas 78501

***Attorneys for Defendant, Ford Motor Company:***
Evan Kramer
BROWN McCARROLL, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002

THAD K. JENKS

CAUSE NO. 2004-02-831-A

| | |
|---|---|
| PATRICIA MORALES CRUZ,<br>INDIVIDUALLY AND AS NEXT FRIEND<br>OF MARIANA ELIZABETH SUAREZ<br>MORALES AND LUIS FERNANDO<br>SUAREZ MORALES | ) ) ) ) ) ) | **IN THE DISTRICT COURT OF** |
| VICTORIA CRUZ JIMENEZ | ) ) | |
| AND | ) ) | |
| GLADYS MORALES CRUZ, | ) ) | **CAMERON COUNTY, TEXAS** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| FIRESTONE, INC.,<br>BRIDGESTONE/FIRESTONE NORTH<br>AMERICAN TIRE, LLC, BRIDGESTONE<br>AMERICAS HOLDING, INC. AND FORD<br>MOTOR COMPANY | ) ) ) ) ) | |
| Defendants. | ) | **107TH JUDICIAL DISTRICT** |

## FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*, SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AND RELIANCE UPON JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ford Motor Company ("Ford"), one of the defendants in the above-styled and numbered cause, and concurrently with or before the filing of any other plea, pleading, or motion, files this Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* Special Exceptions, Original Answer to Plaintiffs' Original Petition, and Reliance Upon Jury Demand, and would show the Court as follows:

## I.  MOTION TO TRANSFER VENUE

1.      Ford denies that venue is proper in Cameron County, Texas, the county of suit.  Ford specifically denies the venue allegations in paragraph V of Plaintiffs' Original Petition.  In particular, Ford denies that all or a substantial part of the events giving rise to the claims occurred in Cameron County.  Indeed, none of the alleged actions referenced by Plaintiffs in their petition occurred in Cameron County.  Ford demands strict proof of all venue facts as required by TEX. R. CIV. P. 87(3).

2.      Ford requests that this case be transferred to Dallas County, Texas.  The legal and factual basis for this motion to transfer venue from Cameron County to Dallas County is that Ford's principal office at the time of the accident was believed to have occurred was located in Dallas County, Texas, as the term "principal office" is statutorily defined.  TEX. CIV. PRAC. & REM. CODE § 15.001(a).  Accordingly, Dallas County is a county of proper venue.  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

### Request to Transfer

For the reasons set forth above, Ford respectfully asks that the Court transfer this case to Dallas County and would show the Court that Dallas County is a county of proper venue.

## II.  SUBJECT TO ITS MOTION TO TRANSFER VENUE, FORD MOTOR COMPANY'S MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue, files this its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* and would respectfully show the Court the following:

1.    Plaintiffs filed this lawsuit to recover damages allegedly sustained due to an automobile crash that allegedly occurred on February 9, 2002. Plaintiffs allege that such accident occurred in the Republic of Mexico. Ford moves to dismiss this case, in its entirety, under the doctrine of *forum non conveniens*. In the interests of justice, this cause of action would be more properly heard in Mexico, where Plaintiffs reside and where the crash giving rise to this lawsuit is believed to have occurred.

2.    Accordingly, Ford prays that the Court decline to exercise jurisdiction under the doctrine of *forum non conveniens* and dismiss or stay the claims herein on any conditions allowed by TEX. CIV. PRAC. & REM. CODE §71.051.[1]

### III.  SUBJECT TO ITS MOTION TO TRANSFER VENUE AND MOTION TO DISMISS UNDER THE DOCTRINE OF *FORUM NON CONVENIENS*, FORD MOTOR COMPANY'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AND RELIANCE UPON JURY DEMAND

COMES NOW Ford Motor Company ("Ford"), a defendant in the above-styled and numbered cause, and, subject to its Motion to Transfer Venue and its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* files this its Special Exceptions, Original Answer to Plaintiffs' Original Petition, and Reliance Upon Jury Demand, and would respectfully show the Court the following:

A.    **Special Exceptions.**

1.    Pleading Standard.    Ford cannot prepare a defense to a lawsuit unless it is reasonably appraised of the specific facts upon which the suit is based. Consequently Plaintiffs' petition is deficient and fails to give Ford fair and adequate notice of the facts asserted against Ford as required by Tex. R. Civ. P. 47, and the Court should order Plaintiffs to re-plead their petition to

---

[1]Ford will submit a Brief in Support of its Motion to Dismiss Under the Doctrine of *Forum Non Conveniens* at a later date.

reasonably allege the factual basis for their claims. *See Roark v.* Allen, 633 S.W.2d 804, 810 (Tex. 1982) (A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim).

      2.    <u>Defective Notice of Defect Claimed.</u>  A plaintiff advancing a cause of action for product liability (whether pled as negligence, strict liability or breach of warranty) must demonstrate at a minimum that: (1) there was a defect in the product at the time it left the manufacturer's control; and (2) the defect was the producing cause of the plaintiffs' injuries or damages. *Hyundai Motor Co. v.* Rodriguez, 995 S.W.2d 661, 665 (Tex. 1999). All of Plaintiffs' negligence, strict liability, and breach of warranty allegations focus exclusively on the existence of an unspecified defect in the tires and stability of the vehicle.

      Texas law recognizes three categories of defect – defect in manufacture, defect in design, and marketing defects (failure to warn). *Temple Eastex v. Old Orchard Creek Partners, Ltd.,* 848 S.W.2d 724, 732 (Tex. App.—Dallas 1992, writ denied). There are no facts pled in Plaintiffs' petition regarding the manner, if any, the  vehicle was defective in its design, manufacture or marketing.

      (i)    <u>No Pleadings to Support a Design Defect.</u>  A design defect exists when there is a defect in the design process of the product such that every unit produced according to that design is unreasonably dangerous. *Temple Eastex,* 848 S.W.2d at 732. A design defect renders a product unreasonably dangerous taking into consideration the utility of the product and the risk involved in its use. *General Motors Corporation v.* Sanchez, 997 S.W.2d 584, 588 (Tex. 1999).

      The *sine qua* non of a design defect claim is the claim that there was an alternative design that was safer than the one adopted. *Id.*; Tex. Civ. Prac. & Rem. Code § 82.005 (a)(1). A "Safer alternative design" means a product design other than the one actually used that in reasonable

probability (i) would have prevented or significantly reduced the risk of the claimant's damages without substantially imparing the product's utility; and (ii) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge. Tex. Civ. Prac. & Rem. Code §82.005(b).

At the very least, to plead a design defect claim under Texas law, a plaintiff must identify the allegedly defective  component, the nature of the danger posed by that component, the safer alternative design for the component and how the omission of the design was the cause of the plaintiff's injury.  Plaintiff in this case has pled no facts to support the alleged safer alternative design.  Therefore, Ford specially excepts to paragraphs 6.10 through 6.17 of Plaintiffs' petition.

(ii)    <u>Defective Notice of Claimed Manufacturing Defect</u>.  There are also no facts pled to support a claim based on manufacturing defect.  Under Texas law, a manufacturing defect exists when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997); *Lucas v. Tex. Indus., Inc.*, 696 S.W.2d 372, 377-78 (Tex. 1984).  Thus, a manufacturing defect is a deviation from the planned output. *Id.*

There are no pleadings to support a claim that a component of the subject vehicle deviated from the design in any manner and no explanation as to how a manufacturing defect, if any, is causally related to the Plaintiffs' claimed damages.  Therefore, Ford specially excepts to paragraphs 6.10 through 6.17 of Plaintiffs' petition because they failed to plead any facts to support a manufacturing defect claim.

(iii)    <u>Defective Notice of Alleged Marketing Defect</u>.  Finally, there are no facts pled to support a claim of marketing defect.  A marketing defect exists when a manufacturer fails to

adequately warm of a product's dangers under condition where a warning is necessary. *Grinnell*, 696 S.W.2d at 426. A marketing defect cause of action consists of five elements: (1) a risk of harm that is inherent in product or that may arise from the intended or reasonably anticipated use of the product must exist; (2) the produce supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed, (3) the product must possess a marketing defect; (4) absence of the warning and/pr instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) failure to warn and/or instruct must constitute the cause of the product user's injury. *James v. Fiesta Mart, Inc.*, 21 S.W.3d 301, 305-6 (Tex. App.— Houston [1st Dist.] 1999, pet denied).

Plaintiffs have not pled any facts that would put Ford on reasonable notice of the nature of Plaintiffs' marketing defect claim, if any, Plaintiffs have not identified with reasonably specificity the component they believe is dangerous, the nature of the alleged danger or the manner in which the danger arises from the absence of a warning. Ford specially excepts to paragraphs 6.10 through 6.17 of Plaintiffs' petition because they fail to plead facts to support a claim for marketing defect.

3.    Defective Notice of Claims of Gross Neglect and Malice.    Under Texas law, the definition of "gross negligence" or "malice" as a basis for exemplary damages is governed by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a)(3) and §41.001(7)B). Under Tex. Civ. Prac. & Rem. Code Ann. §41.003(a)(3), exemplary damages may be awarded in a wrongful death case in cases of "gross neglect." "Gross neglect" is defined as: "an act or omission:which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others." Tex. Civ. Prac. &

Rem. Code Ann. §41.001(7)B). "Malice" is defined the same as "gross negligence" except that a plaintiff may prove "a specific intent by the defendant to cause substantial injury to the claimant" as an alternative to support exemplary damages based on alleged "malice." Tex. Civ. Prac. & Rem. Code Ann. §41.001(7).

Plaintiffs have not alleged any facts that would support a claim for exemplary damages against Ford based on "gross neglect" or "malice." They have not alleged a specific act or omission that involved an extreme degree of risk. They have not alleged any facts that would support a claim that Ford was actually subjectively aware of any risk relevant to the claims in this lawsuit. They have not alleged any facts to support a claim that Ford had a specific intent to cause substantial injury to Plaintiffs. Finally, they have not alleged any facts that would support a claim that Ford proceeded with conscious indifference to the rights, safety or welfare of others. In short, there are no facts pled to support a claim for exemplary damages under Texas law. Plaintiffs should either withdraw the claim from their pleadings or plead sufficient facts to support the claim so that Ford may investigate and evaluate Plaintiffs' claims and prepare its defense.

4.    <u>No Pleadings to Specify Maximum Damages Claimed.</u>  Plaintiffs have failed to state the maximum amount of damages they claim. Ford specially excepts to Plaintiffs' Original Petition on this ground and pursuant to Tex. R. Civ. P. 47, asks that Plaintiffs be required to replead and to specify the maximum amount of damages claimed.

5.    Argument.  The Court should not allow such pleadings – they constitute trial by ambush. Unless Plaintiffs' counsel is ordered to specifically allege facts to support his contentions, they will have incentive to continue to prosecute the case with vague, ambiguous, global and nonsensical pleadings. The net effect of this type of practice is that it works a severe hardship on Ford in the preparation of its defense and for trial.

Failure to specify the nature of the claimed defect in a product liability suit also wastes the time and resources of the Court, since reasonably specific defect allegations will assist the parties in defining a reasonable and appropriate discovery scope, preventing unnecessary hearings to determine the nature of the claims and the proper scope of discovery.

Re-pleading with reasonable specificity will also facilitate the investigation of the claims and may help facilitate settlement negotiations, since Ford will be able to better evaluate the factual merit of the claim once Ford is made aware of the essential facts underlying Plaintiffs' claims. It is unjust and unfair to permit Plaintiffs to try a significant products liability case in such a manner that the defendant is not aware of the essential factual basis of the claim and is thus precluded from effectively investigation and defending against the claims.

Ford requests that these Special Exceptions be granted, and that the offending allegations be stricken or that plaintiffs be given an appropriate but limited period of time within which to replead. If plaintiffs do not timely replead, Ford requests that the allegations in questions be stricken.

## B.    **General Denial**

1.     Ford invokes the provisions of Rule 92, Texas Rules of Civil Procedure, and does thereby exercise its legal right to require Plaintiffs to prove all of the allegations contained in their pleading, if Plaintiffs can so prove them, which is denied, and, accordingly, Ford denies generally the allegations of Plaintiffs' pleading and demands strict proof thereof by a preponderance of the evidence.

## C.   **Affirmative Defenses**

### **Mexican Law**

2.      For further answer, if such be necessary, Ford alleges that Plaintiffs' claims are governed by the law of the Republic of Mexico.

### **Michigan Law**

3.      For further answer, if such be necessary, Ford alleges in the alternative that the governing law respecting Ford's liability is the product law of the State of Michigan. *See* MCL 600.2945; *Lawrenchuk v. Riverside Arena, Inc.*, 214 Mich. App. 431, 435; 542 N.W.2d 612 (1995); *Owens v. Allis-Chalmers Corp.*, 414 Mich. 413; 326 N.W.2d 372 (1982); *Fisher v. Kawasaki Heavy Industries, Ltd.*, 854 F. Supp. 467 (E.D. Mich. 1994).

### **Texas Law**

4.      Pleading further, and in the alternative, Ford states that in the event Texas law is applied, the following provisions of Texas law should be applied.  Ford gives notice of its intent to rely on these defenses if Texas law be applied.

5.      For further answer, if such be necessary, Ford alleges that Plaintiffs' proof with respect to all "design defect" allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005.  Plaintiffs must prove by a preponderance of the evidence (1) there was a "safer alternative design," as that term is statutorily defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery.  Ford requests that the jury be instructed on all statutorily required elements of a "design defect case."

6.      For further answer, if such be necessary, Ford asserts that the subject vehicle met or exceeded all applicable government standards.  As such, Ford is entitled to a presumption that it is not liable under a theory of strict products liability.

7.    For further answer, if such be necessary, Ford alleges that plaintiffs' claims are barred by their failure to begin this action within the time provided by the laws of Mexico as required by Tex. Civ. Prac. & Rem. Code § 71.031.

8.    For further answer, if such be necessary, Ford alleges that Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by Plaintiffs' failure(s) to utilize available and functional safety restraint devises.

9.    For further answer, if such be necessary, Ford requests that in accordance with requests that in accordance with TEX. CIV. PRAC. & REM. CODE § 33.003 the jury determine the percentage of responsibility for causing in any way the harm for which recovery of damages is sought of the plaintiff, each settling person and each responsible third party who has been designated under § 33.004, TEX. CIV. PRAC. & REM. CODE,

10.    For further answer, if such be necessary,  Ford requests that in the event at the time of submission plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, etc., that in accordance with the statutory requirements imposed by TEX. CIV. PRAC. & REM. CODE § 18.091 the Court "instruct the jury as to whether any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes."

11.    For further answer, if such be necessary, Ford alleges that Plaintiffs may not recover any amount of damages if Plaintiffs' percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled.  TEX. CIV. PRAC. & REM. CODE § 33.001.

12.    For further answer, if such be necessary, Ford alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility

of Ford, when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

13.    For further answer, if such be necessary, with respect to Plaintiffs' allegation of punitive or exemplary damages, Ford alleges as follows:

a.    The applicable choice-of-law standards require that the punitive damage demands against defendant Ford Motor Company be determined under the law of Michigan, as Ford's principal place of business and the purported location of the alleged misconduct that would be punished by any punitive damages award. Under Michigan law, "it is well established that generally only compensatory damages are available and that punitive sanctions may not be imposed." *McAuley v. General Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998)

b.    Ford states that Plaintiff's claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under current Texas law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, sections 13 and 19 of the Texas Constitution, and the common law and public policies of the State of Texas.

c.    Ford states that Plaintiff's claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Texas law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of

objective standards. Any such verdict would violate Ford due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Article I, sections 13 and 19, and would be improper under the common law and public policies of the State of Texas.

d.  Ford states any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the product that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 13 and 19 of the Texas State Constitution, and would be improper under the common law and public policies of the State of Texas, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Texas  In addition, any such award would violate principles of comity under the laws of the State of Texas.

e.  To the extent that the law of Texas permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, Sections 13 and 19 of the Texas State Constitution.

f.  If Texas law is applied, Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Ford acted with malice, which Ford denies. TEX. CIV. PRAC. & REM. CODE § 41.003;

g.  If Texas law is applied, Ford insists that in the unlikely event any claim for recovery of punitive damages is submitted to the jury, that in accordance with TEX. CIV. PRAC. & REM. CODE § 41.003(d) and (3), the Charge of the Court instruct the jury that any finding of "liability for and amount of exemplary damages" must be unanimous.

h.  In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

**D.    Reliance Upon Jury Demand**

Ford hereby relies upon the Plaintiffs' jury demand.

WHEREFORE, defendant Ford Motor Company prays that Plaintiffs take nothing by this suit, that Ford have judgment for its costs in this proceeding, and that the Court grant Ford such other and further relief as the Court may deem just and proper.

> Respectfully submitted,
> BROWN McCARROLL, L.L.P.
> 111 Congress Avenue
> Suite 1400
> Austin, Texas  78701-4043
> (512) 472-5456
> (512) 479-1169 (fax)
>
> BY: _Ronald D. Wamsted_
>
> Evan Kramer (Attorney-in-Charge)
> State Bar No. 11704650
> Ronald D. Wamsted
> State Bar No. 20832000
>
> **ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Texas Rules of Civil Procedure on this 11th day of March 2004.

**Via Certified Mail, Return Receipt Requested**

Juan A. Gonzalez
The Atrium
1300 N. 10th Street, Suite 400
McAllen, TX 78501

Ronald D. Wamsted

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA MORALES CRUZ, Individually and | § | |
| As Next Friend of MARIANA ELIZABETH | § | |
| SUAREZ MORALES and LUIS FERNANDO | § | |
| SUAREZ MORALES | § | |
| | § | |
| And | § | |
| | § | |
| VICTORIA CRUZ JIMENEZ | § | |
| | § | |
| And | § | |
| | § | |
| GLADYS MORALES CRUZ | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO.:_____ |
| | § | JURY |
| FIRESTONE, INC., | § | |
| BRIDGESTONE/FIRESTONE NORTH | § | |
| AMERICAN TIRE, L.L.C., BRIDGESTONE | § | |
| AMERICAS HOLDING, INC., and | § | |
| FORD MOTOR COMPANY | § | |
|            Defendants | § | |

### INDEX OF MATTERS BEING FILED

1.    Civil Cover Sheet

2.    Certified Copy of State Court Docket Sheet and copy of state court file, including Plaintiffs' Original Petition.

3.    Defendants, Bridgestone/Firestone North American Tire, L.L.C., Individually and as Successor to Bridgestone/Firestone, Inc., and Bridgestone Americas Holding, Inc.'s, Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss on Grounds of *Forum Non Conveniens* and Original Answer and Jury Demand.

4.    Ford Motor Company's Motion to Transfer Venue and, Subject Thereto, Motion to Dismiss Under the Doctrine of *Forum Non Conveniens,* Special Exceptions, Original Answer to Plaintiffs' Original Petition and Jury Demand.

5.    Index of Matters Being Filed

6.    Designation of Counsel

HOU:295729.1
13486.95885

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA MORALES CRUZ, Individually and<br>As Next Friend of MARIANA ELIZABETH<br>SUAREZ MORALES and LUIS FERNANDO<br>SUAREZ MORALES | §<br>§<br>§<br>§<br>§ | |
| And | § | |
| VICTORIA CRUZ JIMENEZ | §<br>§ | |
| And | §<br>§ | |
| GLADYS MORALES CRUZ | §<br>§ | |
| Vs. | §<br>§ | CIVIL ACTION NO.:_____<br>JURY |
| FIRESTONE, INC.,<br>BRIDGESTONE/FIRESTONE NORTH<br>AMERICAN TIRE, L.L.C., BRIDGESTONE<br>AMERICAS HOLDING, INC., and<br>FORD MOTOR COMPANY<br>                              Defendants | §<br>§<br>§<br>§<br>§<br>§ | |

## DESIGNATION OF COUNSEL

Juan A. Gonzalez
LAW OFFICE OF MARK A. CANTU
TBN: 03767445
1300 N. 10th Street, Suite 400
McAllen, Texas  78501
(956) 687-8181; Fax: (956) 687-8868
*Attorneys for Plaintiffs*

Evan N. Kramer
SDTX No.:  12346
TBN:  11704650
Danielle M. Harsany
SDTX No.:  32200
TBN:  24005131
BROWN MCCARROLL L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
(713) 529-3110; Fax:  713-525-6295
 *Attorneys for Ford Motor Company*

Knox D. Nunnally
Don C. Griffin, Jr.
VINSON & ELKINS, L.L.P.
1001 Fannin
2300 First City Tower
Houston, Texas  77002
*Attorneys for Defendants,*
*Bridgestone/Firestone North American Tire, L.L.C.,*
*Individually and as Successor to Bridgestone/Firestone, Inc., and*
*Bridgestone Americas Holding, Inc.*

HOU:298445.1
37151.95901